Dante **SAVORETTI, suing on behalf of himself and the entire class of persons similarly situated, Plaintiff,**

v.

**HOTEL AND RESTAURANT EMPLOYEES AND BARTENDERS INTERNATIONAL UNION PENSION FUND, and its Trustees, Edward J. Hanely, Joseph Delardi, Herman Leavitt, Paul McCaftland, Arthur Rutledge, Arnold Richardson, George Brower, John Cullerton, Louis Cohen, Donald D. Porter, Dominic Luongo, A. W. Mitchell, A. M. Quarles, Frederic Richman, J. Rubin, Ben Schmouty, and James McCraw, and its predecessor, Hotel and Restaurant Employees and Bartenders Union Local 15 Pension Fund, and its Trustees, et al., Defendants.**

No. 78 Civ. 5081(MP).

United States District Court, S. D. New York.

June 4, 1979.

Zwerling & Zwerling, New York City by Linda Strumpf, New York City, for plaintiff.

LaPenta & Solomon, New York City by Philip S. LaPenta, New York City, for defendants.

## OPINION

POLLACK, District Judge.

This is a suit against a union pension fund and its trustees.[1] The defendants have moved for summary judgment under Fed.R.Civ.P. 56. For the reasons shown hereafter, their motion will be granted and the complaint dismissed.

The plaintiff worked as a bartender at the El Morocco Restaurant from 1961 to 1978. During these years he was a member of Bartenders Union Local 15 and its successor, which signed contracts with El Morocco. Under these contracts, El Morocco was obliged to contribute on the plaintiff's behalf to the defendant Pension Fund. In 1965, however, El Morocco contributed nothing to the Fund on behalf of the plaintiff. The plaintiff asserts that El Morocco's failure to contribute in 1965 was a violation of its contract with the union. The defendants, on the other hand, assert that the contract between Local 15 and El Morocco in force in 1965 relieved El Morocco of the obligation to contribute to the Pension Fund during that year because the restaurant had recently changed hands and was in financial difficulty. Neither side has submitted the 1965 contract or any other evidence to support its interpretation of El Morocco's failure to contribute in 1965.

The plaintiff now sues for a pension calculated as though his employer had contributed on his behalf in 1965. No claim is asserted herein against his employer. His theories of recovery against the Pension Fund and its trustees are that they failed to collect from El Morocco the amount that it was required to contribute in 1965 and that they failed to inform the plaintiff that no contributions were made on his behalf in that year. These claims are said to entitle him to relief under section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), and under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

Section 301(a) confers on the district courts jurisdiction of "[s]uits for violations of contracts between an employer and a labor organization." Such contracts may include pension agreements. *Alvares v. Erickson*, 514 F.2d 156, 161 (9th Cir.), *cert.*

---

1. No claim is asserted herein against plaintiff's former employer.

*denied,* 423 U.S. 874, 96 S.Ct. 143, 46 L.Ed.2d 106 (1975).

The plaintiff's first claim under section 301(a) is that the defendants should have notified him that El Morocco had not made contributions during 1965. The plaintiff has pointed to no contract under which the defendants were obligated so to notify him. *Cf. Alvares v. Erickson, supra,* 514 F.2d at 161 (existence of contract a jurisdictional prerequisite to suit under § 301(a)). The defendants have submitted the "Agreement and Declaration of Trust" that established the Pension Fund in 1955 and the "Bartenders Union Local 15 Pension Fund Plan Effective April 1, 1955." Article VII, section 1 of the Agreement and Declaration of Trust provides:

> A condensed statement of the annual audit shall be available at all times for inspection by the Union, the Associations, the Employers and employees at the principal office of the Pension Fund. The trustees may, in their discretion, publish and disseminate among employers and employees generally a condensed statement of such annual audit in such form as they deem proper.

Article VIII, section 1 of the same document provides:

> No Association, Employer or Employee . . . shall have . . . any right to examine any books, records or accounts of the trustees or of the Pension Fund, or to demand any accounting thereof, except as specifically provided for by the Pension Plan and the applicable rules and regulations adopted by the trustees thereunder.

Neither of these provisions establishes any obligation on the part of the Fund or its trustees to notify the plaintiff of his employer's failure to contribute.

The plaintiff's second claim under section 301(a) is that the defendant trustees should have collected the contribution that El Morocco was allegedly to have made in 1965. Article V, section 2 of the Agreement and Declaration of Trust provides:

> The Trustees may enforce and compel the payment of contributions in any manner which they deem proper, and may bring suit . . . in order to recover contributions due them.

Even assuming that El Morocco was obliged to contribute in 1965 and that the Trustees were obliged to collect that contribution, however, this claim is barred by the statute of limitations. The applicable period of limitations is the six-year period for actions on a contract set forth in N.Y.C.P.L.R. § 213(2). The time at which the six-year period begins to run is a question of federal law. *Stull v. Bayard,* 561 F.2d 429, 432 (2d Cir. 1977), *cert. denied,* 434 U.S. 1035, 98 S.Ct. 769, 54 L.Ed.2d 783 (1978). The plaintiff argues, by analogy to the statute of limitations under the Securities Exchange Act, *see id.,* that the six-year period did not start until 1977, when the plaintiff became aware that he received no pension credits for 1965. An analogy closer to the pension field, however, may be found in the statute of limitations on actions under ERISA itself. Section 413 of ERISA, 29 U.S.C. § 1113, provides:

> (a) No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of—
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation . . . .
>
> .    .    .    .    .
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

By analogy to section 413(a)(1)(B), the statute of limitations in this case began to run on the latest date on which the trustees could have cured their alleged omission by suing El Morocco on the contract that allegedly obligated it to make pension contributions in 1965. Under N.Y.C.P.L.R.

§ 213(2), such a suit could have been brought within six years of El Morocco's failure to contribute, or until the end of 1971. The six-year period in this case thus runs from the end of 1971 to the end of 1977. The complaint was not filed until October 25, 1978, and insofar as it states a claim for relief under section 301(a) of the Labor Management Relations Act, it is therefore barred by the statute of limitations.

The plaintiff argues also that ERISA obligated the defendants to inform him within a reasonable time after it became effective that he had not received pension credits in 1965. He relies for this alleged obligation on two sections of ERISA, section 209(a)(1), 29 U.S.C. § 1059(a)(1), and section 404(a)(1), 29 U.S.C. § 1104(a)(1).

█ Section 209(a)(1) of ERISA requires employers to provide information about the service of each participating employee to the pension plan administrator, and requires the administrator to notify any employee who "has a 1-year break in service." Under section 211(b)(2), 29 U.S.C. § 1061(b)(2), however, "in the case of a plan in existence on January 1, 1974, this part [including section 209] shall apply in the case of plan years beginning after December 31, 1975." Thus, the obligations that section 209 imposes on employers to provide information to administrators, and on administrators to notify employees, do not apply to the 1965 plan year.

█ Section 404(a)(1) of ERISA provides: [A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—

(A) for the exclusive purpose of:
   (i) providing benefits to participants and their beneficiaries; . . . .

The Court has found nothing in the cases or the legislative history of ERISA to suggest that the general fiduciary duty imposed by section 404(a) includes more stringent reporting requirements than those specifically enumerated in sections 209 and 211. On the contrary, Judge Newman wrote in a similar case:

It is difficult to imagine that Congress would exempt plan years from the coverage of ERISA's . . . requirements and then expect administrators to be held to a fiduciary obligation that includes giving effect to inapplicable provisions. (*Sprague v. Pension Fund,* (D.Conn. November 14, 1978)).

Insofar as the complaint states a claim for relief under the Labor-Management Relations Act, it is barred by the statute of limitations. The complaint does not state a claim for relief under ERISA. Accordingly, the defendants' motion is granted and the complaint is dismissed, with costs.

SO ORDERED.