In re BRANIFF AIRWAYS, INC. et al., Debtors.

BRANIFF AIRWAYS, INC., Braniff Airways, Inc.—IAM Pension Plan, and Alan K. Stewart, William C. Oliver and Steven S. Turoff, Constituting the Retirement Committee of the Plan, Plaintiffs,

v.

INTERFIRST BANK, DALLAS, N.A. as Trustee; and S.E. Edmondson, F.C. Irvin, and R.L. Chapman on their own behalf and on behalf of all Plan Beneficiaries and Pension Benefit Guaranty Corporation, Defendants.

BRANIFF AIRWAYS, INC., Air Line Pilots Association, International, Braniff Airways, Inc., Retirement Plan for Pilots, Part A, Dale States, Jack Boisen, John Skiba, and Richard Russell, Constituting the Retirement Board of Braniff Airways, Inc. Retirement Plan for Pilots, Part A, Plaintiffs,

v.

BANKERS TRUST COMPANY as Trustee, and W.P. McDonald, Daniel P. Hulsey, Gerald S. Ross and N.G. Robson and V.A. Quattlebaum on their own behalf and on behalf of all Plan Beneficiaries, and Pension Benefit Guaranty Corporation, Defendants.

BRANIFF AIRWAYS, INC. and The Braniff Airways-Teamsters Pension Plan, Plaintiffs,

v.

INTERFIRST BANK, DALLAS, N.A. Trustee, and H.G. Cooper, J.M. James, and I.C. Simpson on their own behalf and on behalf of all Plan Beneficiaries, and Pension Benefit Guaranty Corp., Defendants.

BRANIFF INTERNATIONAL CORP., Braniff Airways, Inc., Retirement Plan for Management Employees of Braniff Airways, Inc., and Alan K. Stewart, William C. Oliver, and Steven S. Turoff,

Constituting The Retirement Committee of the Plan, Plaintiffs,

v.

INTERFIRST BANK, DALLAS, N.A. as Trustee, and Thomas P. Robertson, R.G. Peterson and K.L. Mullick on their own behalf and on behalf of all Plan Beneficiaries, and Pension Benefit Guaranty Corporation, Defendants.

Bankruptcy No. 482–00369.
Adv. Nos. 482–0336 to 482–0339.

United States Bankruptcy Court,
N.D. Texas,
Fort Worth Division.

July 28, 1983.

David Bonderman, Washington, D.C., Jack Balzersen, Dallas, Tex., for Braniff.

## MEMORANDUM OPINION REGARDING MOTIONS TO DISMISS

JOHN FLOWERS, Bankruptcy Judge.

These actions were instituted by the plan administrators of the four ERISA plans of the Debtor. The plans are the Teamster's Plan, the IAM Plan, the Management Plan, and the Pilot's Plan. Certain interim relief was requested together with a request for the court to establish the termination date for each plan pursuant to ERISA. 29 U.S.C. § 1348(3). In addition to preliminary matters and their defenses all of the Defendants have asserted numerous counterclaims against the individual plaintiffs in each of the four cases. By an earlier ruling, certain counter claims asserted in the Teamsters Plan and the IAM Plan against the Debtor, Braniff, were dismissed on the ground that claims against the Debtor must be pursued through the process set forth in 11 U.S.C. § 501 and in Bankruptcy Rule 301 et seq. by filing of a proof of claim. The remaining counterclaims were severed for separate trial, and the counterclaim defendants have filed motions to dismiss all of the counterclaims for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motions to dismiss will be granted.

In view of the commonality of the counterclaims in each case and the similarity of issues all four cases are discussed jointly. In ruling on the motion to dismiss I have considered all factual matters as admitted by the moving parties. *McCleneghan v. Union Stock Yards Co.,* 298 F.2d 659, 662 (8th Cir.1962).

The various assertions of the counterclaim plaintiffs are grouped for convenience of discussion.

■ 1. All claimants assert counterclaims based upon the act of the plan administrators in terminating the plans and initiating these cases requesting termination dates for the plans. ERISA specifically authorizes the termination of pension plans, 29 U.S.C. § 1341, and no other allegations of wrongdoing in this regard have been made. ERISA also authorizes a plan administrator to bring suit for equitable relief including the obtaining of court instructions as to his fiduciary responsibilities. 29 U.S.C. § 1132(a)(3)(B); see *American Tel. & Tel. Co. v. Merry,* 592 F.2d 118, 125 (2d Cir.1979); *Braniff Airways, Inc. et al v. Interfirst Bank, et al.,* 22 B.R. 1005, 1007 (Bkrtcy.N.D.Tex.1982) (the fiduciary's request for interim relief is both proper and consistent with its responsibilities and obligations as a fiduciary).

■ Some claimants also claim a breach of fiduciary duty because the administrators asserted a position on certain issues which the claimants view to be contrary to their interests. In bringing an action to determine its fiduciary responsibilities the plan administrator has a right, as does any other interested party, to present his position on the issues, even though that position may not be the position of all members of the fiduciary's constituency. Such presentation is not a violation of the administrator's fiduciary duty because it is the court, not the administrator that makes the ultimate decision. In many cases involving an administrator's request for court instructions there are conflicting groups, each demanding the administrator perform in a certain manner. As previously pointed out the administrators here were faced with irreconcilable obligations to the various groups within each plan. *Braniff Airways, Inc., et al. v. Interfirst Bank, Dallas, N.A., et al,* 22 B.R. 1001, 1003 (Bkrtcy.N.D.Tex., 1982). To gag the administrator by the rule urged by the counterclaim plaintiffs would deprive the court of the administrator's view, frequently a valuable tool in reaching a resolution of the matter. To the extent the plaintiffs complain of the prior rulings of this court in these matters, those are issues properly decided upon appeal, and not by counterclaims.

■ 2. Certain counterclaims allege that the plan administrators breached the collective bargaining agreements between the various unions and the Debtor. The allegations asserting breach of the collective bargaining agreements by the Debtor have been dealt with previously in the decision concerning the IAM and Teamster plans. See *Braniff Airways, Inc., et al v. Interfirst Bank Dallas, N.A., et al,* 22 B.R. 1005, 1007–1008 (Bkrtcy.N.D.Tex., 1982). To the extent the counterclaim plaintiffs seek to hold the individual plan administrators liable, such counterclaims will be dismissed because the individual defendants are neither parties to the collective bargaining agreements nor an employer as defined in 29 U.S.C. § 185. Moreover, the counterclaim plaintiffs are individual union members, not the unions themselves. The individual workers have no standing to assert claims based on alleged violations of a collective bargaining agreement. *Ramsey v. Signal Delivery Service, Inc.,* 631 F.2d 1210, 1212 (5th Cir.1980).

■ 3. Some of the counterclaims are based on state law claims of tortious interference with the participants' contract rights under their plans. ERISA has preempted state law. 29 U.S.C. § 1144(a). See *Dependahl v. Falstaff Brewing Corp.,* 653 F.2d 1208, 1216 (8th Cir.1981) holding that ERISA "... has preempted state law claims of tortious interference with employee benefit plans." The alleged cause of action for tortious interference with the participants' contract rights under ERISA simply does not exist.

■ 4. Some counterclaimants assert that the plan administrators' failure to sup-

ply them with certain information in addition to that information required to be supplied by ERISA under 29 U.S.C. §§ 1021–1031 entitles them to relief. Failure to supply additional information is not a violation of the administrators' responsibilities. The specific requirements of ERISA are all that the administrator must comply with. See *Savoretti v. Hotel & Restaurant Emp. & Bartenders,* 470 F.Supp. 1286 (S.D.N.Y. 1979).

■ 5. Some counterclaimants have made general and vague allegations that the Administrator of the Pilots' Plan conspired to aid vested participants who have not yet retired to the detriment of the retired participants of the Plan. Such a general and vague allegation is insufficient to state a cause of action based upon conspiracy, and, hence is dismissed. See *McCleneghan v. Union Stock Yards of Omaha,* supra. Counterclaim plaintiffs have had several months of discovery and ample opportunity to make any such claims sufficiently specific.

■ 6. Most of the counterclaimants complain of the fact that funding waivers for each of the plans were sought from the Internal Revenue Service. Those allegations complain of the Debtor's actions in seeking the funding waiver, not the plan administrators, who are the counterclaim defendants. Moreover, ERISA specifically authorizes funding waivers. 26 U.S.C. § 412(d). Therefore the allegations that funding waivers were sought do not give rise to a cause of action in the absence of further allegations of some actionable wrong on the part of the plan administrators. No such allegations have been made.

■ 7. Finally, the counterclaims against the plan administrators based on their alleged failure to fund the various plans are without foundation because funding is the responsibility of the Debtor and not that of the plan administrators.