
**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ARMIDA CASTANEDA RAMIREZ,<br>　　　　　Debtor. | BAP Nos. EC-24-1122-SGC<br>　　　　　EC-24-1123-SGC<br>　　　　　(Related Appeals) |
| FERMIN CASTANEDA,<br>　　　　　Appellant,<br>v.<br>J. MICHAEL HOPPER, Chapter 7<br>Trustee,<br>　　　　　Appellee. | Bk. No. 19-23509<br><br>Adv. Nos. 19-02075<br>　　　　　23-02057<br><br>**MEMORANDUM\*** |

Appeal from the United States Bankruptcy Court
for the Eastern District of California
Christopher M. Klein, Bankruptcy Judge, Presiding

Before: SPRAKER, GAN, and CORBIT, Bankruptcy Judges.

Memorandum by Judge Spraker.

Concurrence by Judge Gan.

## INTRODUCTION

Fermin Castaneda appeals two judgments entered in separate

adversary proceedings. The first appeal challenges the entry of a corrected

judgment that avoided chapter 7[1] debtor Armida Castaneda Ramirez's transfer of her interest in real property in Springfield, Virginia ("Property"), to Castaneda. The second appeal arises from a trial in a subsequent adversary proceeding where the chapter 7 trustee sued Castaneda for a breach of a prepetition Property Settlement and Support Agreement ("Marital Settlement") executed with Ramirez. The trustee also sought turnover of the Property and authority to sell the Property.

Castaneda raises the same central issue in both appeals: the scope of relief the court originally awarded in 2020, when it avoided the debtor's prepetition transfer of the Property. In the first appeal, Castaneda contends that the court erred by entering the corrected judgment years after the avoidance action to clarify that the estate had recovered Ramirez's interest subject to the avoided transfer. He argues that the court did not—and legally could not—provide for the trustee's "recovery" of the transferred interest. The record, however, amply demonstrates that the trustee sought, and the court intended, to avoid **and** recover the transferred interest for the benefit of the estate. Because the court was well within its discretion to correct the judgment in the first adversary to make plain that the estate not only avoided but also recovered the debtor's interest in the Property, we

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

AFFIRM the Corrected Judgment.

As for Castaneda's appeal from the judgment entered in the subsequent adversary proceeding, the bankruptcy court found that the trustee had failed to prove any of his claims. Though the court found that Castenda had defaulted on his obligation under the Marital Settlement to timely pay the mortgage on the Property, it also concluded that no damages resulted. The court effectively entered judgment for Castaneda on that claim because he cured the default before trial. Because Castaneda prevailed at trial, there is no relief available to him on appeal. Though he disagrees with various findings made by the bankruptcy court, none of the challenged findings appear to be a necessary or conclusive part of the judgment. As a result, nothing he has raised would affect the judgment entered in the second adversary proceeding even if he were to prevail as to the challenged findings. Accordingly, the second appeal must be DISMISSED as moot.

**FACTS[2]**

**A.     The first adversary proceeding.**

Ramirez and Castaneda were married and owned the Property as tenants by the entirety. In December 2018, they entered into the Marital Settlement, which addressed child custody and support, the division of

---

[2] We exercise our discretion, when appropriate, to take judicial notice of documents electronically filed in the underlying bankruptcy case and adversary proceeding. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

assets, the debts of the parties and other terms of their separation. The Marital Settlement provided that the parties would incorporate its terms into any divorce action that might be later filed. The record is unclear whether a divorce was ever filed; no judicial records have been provided to establish any divorce proceeding.

Pertinent to these appeals, Castaneda agreed to give Ramirez sole custody of the couple's minor children, and not to challenge her relocation to California with the children. In turn, Ramirez agreed that Castaneda would have exclusive, but temporary, possession of the Property. Paragraph 9 of the Marital Settlement provided for the eventual sale of the Property when "the parties mutually agree to sell their marital residence." Upon any sale, the Marital Settlement required that Ramirez and Castaneda split the net sale proceeds evenly without restriction. However, so long as Castaneda continued to occupy the Property,

> Husband shall be responsible and liable for the principal, interest, taxes, and insurance on any mortgages or Deeds of Trust relating to the ownership of said property, in their entireties, including any deficiency judgments pertaining thereto, and shall indemnify and hold Wife harmless thereon. Furthermore, Husband shall be solely responsible for all utility expenses, maintenance costs, and repairs of the property, and shall indemnify and hold Wife harmless thereon.

Despite the Marital Settlement, in February 2019, Ramirez signed a General Warranty Deed conveying her 50% interest in the Property to

4

Castaneda ("2019 Deed"). Castaneda gave no consideration for the transfer of Ramirez's interest in the Property.

Ramirez filed bankruptcy shortly thereafter in May 2019. Hopper was appointed to serve as chapter 7 trustee ("Trustee"). Within weeks of the bankruptcy filing, Trustee sued Castaneda under § 548 for avoidance of the fraudulent transfer arising from the 2019 Deed and under § 550(a)(1) for recovery of the transferred interest, or the value of such transferred interest (the "2019 Action").

The 2019 action was tried by the bankruptcy court in October 2020. Castaneda claimed that the 2019 Deed was not avoidable because Ramirez did not transfer anything of meaningful value to him. Castaneda reasoned that the Marital Settlement continued to remain in full force and effect, and governed the parties' rights, interests, and duties with respect to the Property. According to Castaneda, Ramirez's Marital Settlement rights were property of the estate, thus the 2019 Deed to Castaneda did not transfer any property to him.

In its oral findings of fact and conclusions of law following trial, the bankruptcy court discussed the Marital Settlement, including the parties' rights and the agreement to sell the Property at a mutually agreeable time. The court noted Castaneda's arguments that there was no evidence at trial to establish the estate would ultimately recover sufficient value to warrant a sale of the Property. Citing *Hyman v. Plotkin (In re Hyman)*, 967 F.2d 1316 (9th Cir. 1992), the court held that the trustee did not have to establish what

5

benefit the estate would ultimately receive from avoiding the transfer to prevail on his constructive fraudulent transfer claim when Castaneda conceded he had provided no consideration. While such evidence would be necessary under § 363(h)(2) if Trustee wanted to sell all interests in the Property, the court left that question for another day. In response to a question from Castaneda' counsel, the court clarified that it was the debtor's interest as conveyed by the 2019 Deed that was being avoided. Counsel then proceeded to discuss the exact nature of the debtor's interest and the estate's ability to sell that interest under § 363(h), ultimately agreeing that such matters could be addressed in a later, new adversary proceeding or contested matter.

The bankruptcy court entered judgment granting relief to Trustee on the first count of his complaint to avoid the transfer and recover the property interest transferred under §§ 548 and 550 ("2020 Judgment"). The judgment specified that Ramirez's transfer of interest in the residence to Castaneda was "avoided pursuant to 11 U.S.C. § 548(a)(1)(B) and ordered preserved for the benefit of the estate pursuant 11 U.S.C. 550." There was no specific mention in the 2020 Judgment of the transferred interest being "recovered." The other counts of Trustee's complaint—turnover of possession of the residence under § 542, sale under § 363(h), and avoidance of the 2019 Deed under other avoidance statutes—were ordered dismissed.

No party appealed the 2020 Judgment.

**B. Trustee commences the second adversary proceeding.**

In 2023, Trustee filed a new adversary proceeding against Castaneda ("2023 Action"). This lawsuit arose from Castaneda's alleged breach of the Marital Settlement. Trustee alleged that Castaneda had failed to timely make all the mortgage payments for the residence. Trustee sought relief for breach of contract, for authority to sell the residence under § 363(h), and, again, for turnover of possession of the residence under § 542(a). Castaneda answered the complaint and moved for judgment on the pleadings, arguing that: (1) the 2020 Judgment did not "recover" Ramirez's 50% interest in the residence—or the right to occupy the residence; (2) the claims in the 2023 Action to recover those interests were time-barred; and (3) Trustee had no contract rights to enforce under the Marital Settlement. After full briefing and a hearing, the bankruptcy court denied this motion, without prejudice and the case proceeded to trial.

**C. The court corrects the 2020 Judgment in the 2019 Action.**

During closing arguments in the 2023 Action, Castaneda renewed his argument that the 2020 Judgment entered in the 2019 Action did not grant the bankruptcy estate recovery of the interest transferred. Rather, he argued, the 2020 Judgment merely provided that the transfer was avoided and preserved. In response, the bankruptcy court announced that it was considering using its authority under Civil Rule 60(a) to sua sponte correct and clarify the 2020 Judgment. The bankruptcy court then took both the 2023 Action and the Civil Rule 60(a) issue arising from the 2019 Action

7

under submission.

Roughly three months later, the bankruptcy court entered in the 2019 Action both a corrected judgment ("Corrected Judgment") and a memorandum in support of the Corrected Judgment ("Memorandum"). The Memorandum stated that the 2020 Judgment was imprecise and confusing regarding the parties' respective rights despite the relief the court had intended to grant to Trustee at the time of entry of that judgment. As the bankruptcy court explained, its oral ruling in the 2019 Action reflected its clear intent to grant Trustee's first cause of action in full. That claim had sought both avoidance of the February 2019 Deed under § 548 and recovery of the interest transferred by that deed under § 550. According to the court, in its ruling it had spelled out: (1) that the trustee was "owner of an undivided interest in the residence as a tenant in common"; and (2) "that the contractual terms of the [Marital Settlement] with respect to the residence were valid and remain in effect . . . ." As the court put it, these two items were left out of the 2020 Judgment as a result of the court's inadvertent oversight or omission. After elaborating on the legal effect of its ruling, the court held that it would enter a corrected judgment to address the oversight.

The Corrected Judgment, entered on July 19, 2024, changed the original language from the 2020 Judgment that the subject transfer "is hereby avoided pursuant to 11 U.S.C. § 548(a)(1)(B) and ordered preserved for the benefit of the estate pursuant 11 U.S.C. § 550." The court replaced

8

this language to state that the subject transfer "is hereby avoided pursuant to 11 U.S.C. § 548(a)(1)(B), is ordered recovered pursuant to 11 U.S.C. § 550, and is preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551 . . . ."

The Corrected Judgment also added several new paragraphs, including one that stated the Marital Settlement is valid and binding on the parties and that Ramirez's rights under the Marital Settlement are property of her bankruptcy estate. It further stated that the terms of the Marital Settlement "impose certain duties and obligations on Fermin Castaneda and provide for sale of the residence by agreement, with one-half of net proceeds to be paid to the bankruptcy estate."

Castaneda has appealed from the Corrected Judgment.

**D.      The entry of the Interlocutory Judgment in the 2023 Action.**

Also on July 19, 2024, the bankruptcy court entered its self-styled "Interlocutory Judgment" in the 2023 Action. Based largely on its rulings from the 2019 Action—as clarified in the Corrected Judgment—the court held that Castaneda had breached the Marital Settlement by failing to timely make all required mortgage payments for the residence. Specifically, it held that Castaneda failed to make the mortgage payments between February 2023 and June 2023. But the court also found that Castaneda subsequently had cured this default by bringing the mortgage payments current. The clear significance of this statement, though not expressly stated, is that the estate suffered no damage from any breach of contract.

9

The court did not state its ultimate, final ruling on the breach of contract claim. Instead, the Interlocutory Judgment stated that the adversary proceeding would be stayed pending "further developments."

As for the claim seeking authority to conduct a bankruptcy sale of the Property, the bankruptcy court held that § 363(h) was unavailable because the debtor did not have the requisite interest in the Property at the time of commencement of the case. Nor did the court believe that a sale under § 363(b) would be appropriate under the circumstances as they existed at that time. Similarly, the court indicated that it would be premature to consider turnover as requested in Trustee's complaint so long as Castaneda remained compliant with the Marital Settlement.

Finally, the court stated that Trustee likely was entitled to some award of attorney's fees under the Marital Settlement "because the trustee is deemed to be the prevailing party on the issue of breach." It held, however, that any determination of the precise fees to be awarded was premature and subject to further developments regarding the performance of the [Marital Settlement]."

At the conclusion of the Interlocutory Judgment the bankruptcy court ordered the 2023 Action indefinitely stayed. The record does not reflect or explain what additional actions remain in this adversary proceeding after trial and decision of the court on all claims brought by Trustee.

Castaneda also has appealed from the Interlocutory Judgment.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(1). Subject to the mootness discussion set forth below, we have jurisdiction under 28 U.S.C. § 158. A prior motions panel entered an order granting Castaneda's motion for leave to appeal from the "Interlocutory Judgment." We have examined the motions panel's ruling and have heard the parties' views on leave to appeal at oral argument. Having considered the issue, we decline to reconsider the motion panel's order granting leave to appeal.

## ISSUES

1.     Whether the bankruptcy court abused its discretion when it entered the Corrected Judgment under Civil Rule 60(a).

2.     Whether Castaneda's appeal from the Interlocutory Judgment is moot.

## STANDARDS OF REVIEW

We review the bankruptcy court's decision to correct the 2020 Judgment under Civil Rule 60(a) for an abuse of discretion. *See Cohen v. Cohen (In re Cohen)*, 656 B.R. 798, 805 (9th Cir. BAP 2023). The bankruptcy court abused its discretion if it applied an incorrect legal rule or its factual findings were illogical, implausible, or without support in the record. *TrafficSchool.com v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

Mootness issues are questions of law that we review de novo. *Suter v. Goedert*, 504 F.3d 982, 985 (9th Cir. 2007); *Harms v. Bank of N.Y. Mellon*

11

*(In re Harms)*, 603 B.R. 19, 26 (9th Cir. BAP 2019).

## DISCUSSION

I.    **Appeal from the judgment entered in the 2019 Action.**

Castaneda raises a host of issues challenging the bankruptcy court's Corrected Judgment.[3] Each issue relates to the application of § 550 to the debtor's avoided transfer, mostly focusing on subsections (a) and (f), which provide:

> (a)    Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
>
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
> (2) any immediate or mediate transferee of such initial transferee.
>
> * * *
>
> (f)    An action or proceeding under this section may not be commenced after the earlier of—
>
> (1) one year after the avoidance of the transfer on account of which recovery under this section is sought; or

---

[3] Castaneda submitted joint briefing in the two appeals. His briefing obscures the proper scope of each appeal but overwhelmingly focuses on the application of § 550. Castaneda also references the Martial Settlement throughout his briefing. However, having carefully read his briefing, we conclude that he has not raised or developed any arguments on appeal challenging any provision of the Corrected Judgment, other than the amended language relating to recovery under § 550.

(2) the time the case is closed or dismissed.

11 U.S.C. § 550.

Castaneda believes that Trustee failed to sue to recover the debtor's interest in the Property in the time provided by § 550(f). He argues that Trustee's 2019 Action merely avoided the 2019 Deed. In support of his argument, he relies on the language of the 2020 Judgment that the debtor's transfer of her interest in the Property was "avoided pursuant to 11 U.S.C. § 548(a)(1)(B) and ordered preserved for the benefit of the estate pursuant to 11 U.S.C. § 550." Castaneda contends that avoidance of the 2019 Deed and preservation of that avoided transfer were insufficient to bring the debtor's interest in the Property into the bankruptcy estate. He contends that only an avoided **lien** may be preserved. In contrast, Trustee here avoided a transfer of debtor's ownership interest. According to Castaneda, a transferred ownership interest not only must be avoided under § 547 but also recovered under § 550(a); only then can it become property of the bankruptcy estate pursuant to § 541(a)(3)—as opposed to § 541(a)(4) (which typically brings into the bankruptcy estate liens that have been avoided and preserved pursuant to § 551).

When Castaneda made these arguments in the 2023 Action, the bankruptcy court responded that it would consider reopening the 2019 Action for the purpose of invoking Civil Rule 60(a) to correct or clarify the 2020 Judgment. In its Memorandum entered in support of the Corrected Judgment, the bankruptcy court did exactly that. It reviewed Trustee's

13

complaint from the 2019 Action, the trial record, its oral ruling, and the language of the 2020 Judgment. Based thereon, the bankruptcy court specifically found that it always had intended not only to avoid the 2019 Deed as a constructive fraudulent transfer but also to recover the transferred ownership interest for the estate's benefit. It then proceeded to enter the Corrected Judgment under Civil Rule 60(a) to conform the judgment to its original intent. The Corrected Judgment thus clarified that the estate recovered the debtor's avoided transfer of the Property. As detailed below, the record amply supports the bankruptcy court's application of Civil Rule 60(a) to enter the Corrected Judgment.[4]

### A. Civil Rule 60(a) and relevant legal standards.

Civil Rule 60 is made applicable in bankruptcy cases and adversary proceedings by Rule 9024. Under Civil Rule 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Whether a court may invoke Civil Rule 60(a) to correct an omission in its judgment,

---

[4] Because Castaneda failed to appeal the 2020 Judgment, the only issue properly within the scope of Castaneda's first appeal is whether the bankruptcy court abused its discretion under Civil Rule 60(a) when it entered the Corrected Judgment. If the bankruptcy court did not abuse its discretion under Civil Rule 60(a), all other issues Castaneda attempts to raise pertaining to either the 2020 Judgment or the Corrected Judgment are beyond the proper scope of this appeal. *See Garamendi v. Henin*, 683 F.3d 1069, 1081 (9th Cir. 2012) ("If the district court properly acted under [Civil] Rule 60(a), then the correction did not start a new appeal time running." (quoting *Harman v. Harper*, 7 F.3d 1455, 1457 (9th Cir. 1993))).

14

clarify its decision, or describe the necessary implications of its rulings depends on what it originally intended to do. Where the court's original ruling either explicitly or implicitly reflects the court's actual intent, the court may use Civil Rule 60(a) to correct its ruling to conform to that intent. *See Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297-98 (9th Cir. 2014); *Garamendi*, 683 F.3d at 1077-79; *see also Korea Exch. Bank v. Hanil Bank, Ltd. (In re Jee)*, 799 F.2d 532, 535 (9th Cir. 1986) (affirming use of Civil Rule 60(a) to clarify that prior dismissal of cross-complaint was meant to be a dismissal without prejudice based on court's evident intent); *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1444-45 (9th Cir. 1990) (affirming use of Civil Rule 60(a) to clarify which specific trademarks the court had intended to order canceled but failed to identify in its original judgment).

The Ninth Circuit broadly construes Civil Rule 60(a), holding that the rule "allows a court to clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement." *Garamendi*, 683 F.3d at 1079 (cleaned up).

For purposes of correcting a judgment under Civil Rule 60(a) to conform the judgment to the court's original intent, the assessment and appropriate interpretation of that intent is a question of fact subject to the clearly erroneous standard. *In re Jee*, 799 F.2d at 535. Furthermore, the court's subsequent statements regarding what it intended are entitled to considerable deference. *See id.*; *see also Hallett v. Morgan*, 296 F.3d 732, 739-

40 (9th Cir. 2002) (stating that appellate court must give deference to the trial court's interpretation of its own judgment); *Rosales v. Wallace (In re Wallace)*, 490 B.R. 898, 906 (9th Cir. BAP 2013) ("We accord substantial deference to the bankruptcy court's interpretation of its own orders . . . .").

Reviewing the bankruptcy court's Memorandum entered in support of the Corrected Judgment, the court applied the correct legal standards for application of Civil Rule 60(a). The question thus becomes whether the record supports the bankruptcy court's determination that it originally intended for the estate to recover the debtor's interest in the Property.

**B.      The bankruptcy court did not abuse its discretion in entering the Corrected Judgment in the 2019 Action to clarify that Trustee recovered the transferred interest in the Property.**

The bankruptcy court cited both the complaint and its oral ruling as evidence of its original intent to enter judgment for Trustee to recover the debtor's transferred interest in the Property. Trustee's cause of action for fraudulent conveyance in the 2019 Action specifically requested avoidance of the debtor's transfer under § 548(a)(1) **and recovery** of that transferred interest under § 550. It also sought a determination that the estate's title after avoidance would be superior to Castaneda's title. Specifically, in the prayer for relief Trustee requested that judgment be entered "[a]warding recovery of the Subject Property, or its value, to the Trustee, for the benefit of the Debtor's bankruptcy estate, pursuant to 11 U.S.C. § 550."

Nowhere in the complaint is there any mention of "preservation" of

the avoided transfer. Preservation of an avoided transfer occurs automatically, by operation of law, pursuant to § 551 of the Bankruptcy Code. In contrast, § 550(a) specifically deals with "recovery" for the benefit of the estate, "or, if the court so orders, the value of such property…."

The first reference in the record before us to preservation—as opposed to recovery—appears to be in Trustee's Trial Brief submitted in the 2019 Action. The Trial Brief first stated that "[u]nder 11 U.S.C. Section 550(a)(1), the property transferred is recovered 'for the benefit of the estate' if the transfer is avoided under 11 U.S.C. Section 548." But the Trial Brief then further stated that any avoided transfer is preserved for the benefit of the estate under § 551. According to Trustee, the recovered property interest was to become property of the estate that the debtor could not exempt. Adv. No. 19-02075, Doc. No. 62, at p. 5.

The parties have not presented a transcript of the trial in the 2019 Action. They have, however, included the court's oral ruling after trial. Summarizing Trustee's complaint, the court noted that the first cause of action "was for avoidance and recovery of the transfer of the property pursuant to 11 USC Section 548(a)(1) and Section 550." The court ruled that the debtor transferred her interest in the Property to Castaneda for less than reasonably equivalent value while insolvent, satisfying the elements for a constructive fraudulent transfer under § 548(a)(1)(B). The court then proceeded to address Trustee's request to sell the Property under § 363(h), which was necessarily premised on the recovery of the fraudulently

17

transferred interest. The court denied the cause of action seeking to sell the Property, finding that it was not developed at trial, though it anticipated that Trustee would pursue the sale of the Property later, in a more thorough presentation.

At the conclusion of its oral ruling, the court and Castaneda's counsel engaged in a discussion regarding the nature of the interest in the Property the estate would acquire upon avoidance. Counsel noted that the debtor and Castaneda originally owned the Property jointly as tenants in the entirety. The court reasoned that the Marital Settlement and the 2019 Deed likely terminated any tenancy by the entireties and upon avoidance of the 2019 Deed, the estate would become tenants in common with Castaneda.

The court's oral ruling and subsequent discussions with counsel clearly anticipated Trustee's recovery of the debtor's transferred interest. This is entirely consistent with Trustee's complaint and his trial brief. It defies common sense that the court and counsel would discuss the estate's resulting interest under Virginia law and the potential issues relating to the Trustee's future sale of the Property if Trustee was not recovering the debtor's interest under § 550(a).

On this record, the bankruptcy court's Civil Rule 60(a) determination that it intended to include the word "recovered" when it referenced 11 U.S.C. § 550 but inadvertently omitted the word "recovered" from the original judgment is entirely plausible, logical, and supported by the record. This determination was not clearly erroneous. As such, the

Corrected Judgment did not contravene § 550(f)'s limitations period because Trustee recovered the transferred interest in the Property at the same time the transfer was avoided.

## C. The bankruptcy court was not required to detail the type of recovery sought or the value of that recovery.

Castaneda next argues that the court could not have intended to grant Trustee recovery of the debtor's transferred interest because it never specified what type of "recovery" Trustee was entitled to under § 550. This argument is specious. Under the plain language of § 550(a), the plaintiff can only recover one of two things: (1) the property interest transferred; or (2) the value of the property interest transferred. When, as here, there is no determination of the value of the property interest transferred, the recovery necessarily is limited to recovery of the property interest transferred. *See generally USAA Fed. Sav. Bank v. Thacker (In re Taylor)*, 599 F.3d 880, 890 (9th Cir. 2010) (explaining at length the remedies available under § 550); *Aalfs v. Wirum* (*In re Straightline Invs., Inc.*), 525 F.3d 870, 883 (9th Cir. 2008) (same). The recovery here necessarily was limited to the debtor's interest in the Property she transferred to Castaneda by the challenged 2019 Deed. Accordingly, there was no need for the bankruptcy court to be more specific about the nature of the recovery it was granting under § 550.

Interspersed within Castaneda's arguments on appeal is the notion that Trustee failed to prove any value in the interest Ramirez transferred to him. He argues that Trustee needed to prove that the recovery will result in

19

a "benefit to the estate" under § 550(a). But Castaneda misreads the statute, which simply provides that any such recovery will be "for the benefit of the estate." There is no requirement to quantify such benefit for purposes of § 550(a) where one merely seeks to recover what was conveyed and has been avoided. Here, the interest recovered by Trustee was merely the interest conveyed by Ramirez.

A valuation of the interest to be avoided might be material to the underlying avoidance of the transfer, especially when the plaintiff must prove it was made for less than reasonably equivalent value under § 548(a)(1)(B)(i), as in this instance. But Castaneda did not appeal the court's 2020 Judgment avoiding the 2019 Deed. He cannot now collaterally attack the avoidance of that transfer. *See Jue v. Liu (In re Liu)*, 611 B.R. 864, 881 (9th Cir. BAP 2020).

### D.     Castaneda was not a good faith transferee under § 550(a)(2).

Castaneda further contends that the bankruptcy court should have, but failed to, assess whether he was a good faith transferee as part of its analysis under § 550. Section 550(b) precludes a trustee from recovering under § 550(a)(2) any transfer taken by the transferee in good faith and for value without knowledge of the voidability of the transfer. Castaneda posits that the absence of any such findings on the good faith issue indicates that the bankruptcy court did not really intend to grant § 550(a) recovery when it entered the 2020 Judgment. Again, this argument lacks merit. Castaneda was not a transferee potentially covered by the § 550(b)

20

defense. This is because § 550(b) is specifically limited to **subsequent** transferees of the initial transferee as defined in § 550(a)(2); the defense does not apply to initial transferees liable under § 550(a)(1). *See Schafer v. Las Vegas Hilton Corp. (In re Video Depot, Ltd.)*, 127 F.3d 1195, 1197-98 (9th Cir. 1997) (describing § 550(a) liability of initial transferees as "absolute" whereas a "subsequent transferee" may assert the good faith defense under § 550(b)). In short, Castaneda was an "initial transferee" covered instead by § 550(a)(1), so § 550(b) was not applicable.

We note that even if applicable, Castaneda would not qualify as a good faith transferee under § 550(b) because he admitted in his answer that he gave no value for the 2019 Deed. *See generally Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 736 (9th Cir. BAP 2008) (identifying elements of § 550(b) defense as: "(1) good faith, (2) for value, and (3) without knowledge of the voidability of the transfer." (cleaned up)). As indicated in *Avi, Inc.*, § 550(b) is an affirmative defense that defendant Castaneda was obligated to plead and prove. On this record, he unequivocally failed to prove all the requisite elements.

In summary, none of Castaneda's arguments that the court erred in entering the Corrected Judgment have any merit. The record demonstrates that the bankruptcy court intended to award recovery under § 550 but inadvertently omitted the reference to "recovery" from the 2020 Judgment.

## II.    Appeal from the judgment entered in the 2023 Action.

Castaneda's appeal of the Interlocutory Judgment rests primarily on

his argument that the court did not provide for the estate's recovery of the debtor's transferred interest when it avoided the fraudulent transfer in the 2019 Action. Absent recovery of the transferred interest, the estate would have no interest in the Property. Having concluded that the bankruptcy court did not err in correcting its judgment in the 2019 Action to clarify the estate's recovery of the transferred interest, the appeal of the Interlocutory Judgment entered in the 2023 Action also fails in this regard.

More importantly, the judgment entered in the 2023 Action ruled **against** Trustee on all his claims—his claim for breach of contract, his turnover claim, and his claim for authority to sell the Property under § 363(h). Castaneda thus prevailed in the 2023 Action. True, the court stated that Trustee could recover under the Marital Settlement some amount of attorney's fees because he prevailed on the issue of default. But neither the default issue nor the fees issue is properly before us. The bankruptcy court did not actually award any attorney's fees based on the purported default. To the contrary, the court has reserved the fees issue and stated that it remains subject to further determination based on future events. Trustee's right to attorney fees thus remains unresolved and beyond the proper scope of this appeal.

An appeal is moot and must be dismissed if we cannot grant the appellant any meaningful relief. *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 880 (9th Cir. 2012); *see also United States v. Gould (In re Gould)*, 401 B.R. 415, 421 (9th Cir. BAP 2009)

22

(stating that an appeal becomes moot when circumstances occur during the course of the appeal that render it impossible for us to grant effective relief), *aff'd*, 603 F.3d 1100 (9th Cir. 2010). Generally, the prevailing party cannot appeal from a favorable judgment. *Env't Prot. Info. Ctr., Inc. v. Pac. Lumber Co.*, 257 F.3d 1071, 1075-1077 (9th Cir. 2001) (examining rule and its exceptions); 15A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3902 (3d ed. 2024) (same). Because he prevailed, the issues Castaneda can raise on appeal are limited to those decided against him. *See Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333–35 & n.7 (1980).

Though Castaneda defeated all of Trustee's claims in the 2023 Action, he discusses the Marital Settlement at length. First, he believes that the 2019 Deed merged and extinguished his obligations under the Marital Settlement. Second, he denies owing any contractual obligation under the Marital Settlement to make monthly mortgage payments. Rather, he reads the Marital Settlement as requiring only that he indemnify the debtor for any losses related to the Property. As a result, he argues that the failure to make mortgage payments cannot constitute a breach of contract requiring the sale of the Property under the Marital Settlement.[5] Finally, Castaneda states that the Marital Settlement is not an executory contract, but if it is,

---

[5] The bankruptcy court did not explain how it construed the Marital Settlement to conclude that it imposed on Castaneda an affirmative obligation to timely pay the mortgage as opposed to merely obligating him to indemnify and hold Ramirez harmless from any losses or potential liability she might incur from nonpayment of the mortgage.

the bankruptcy estate failed to assume it.

Trustee based his claim for breach of contract on the Marital Settlement. Under governing Virginia law, Trustee was required to prove "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Ulloa v. QSP, Inc.*, 624 S.E.2d 43, 48 (Va. 2006) (cleaned up). The bankruptcy court did find that Castaneda breached the Marital Settlement by failing to make several monthly mortgage payments thereby satisfying two of the three elements of Trustee's contract claim. Castaneda disagrees with those findings. But we need not reach those issues. The court held that Castaneda cured the missed payments. Though not expressly stated, the cure of the missed payments precluded any finding of damages based on the claim as presented at trial. Absent damages, Trustee failed to prove the third element of his breach of contract claim. A failure of proof as to any essential element of a cause of action requires that judgment be entered for the defendant on that claim.[6] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–

---

[6] It is unclear how the court concluded that Trustee might be entitled to an award of attorney's fees under the Marital Settlement when it provided for fees to the party who "substantially prevails in said action." As the bankruptcy court has stayed the second adversary proceeding rather than entering a final judgment, it has the discretion upon issuance of our mandate in these appeals to further examine and comment on this and any other issues properly raised in the second adversary proceeding as it sees fit. *See generally Rigby v. Mastro (In re Mastro)*, 585 B.R. 587, 599 n.17 (9th Cir. BAP 2018) (stating that bankruptcy courts "have inherent power to modify their interlocutory orders before entering a final judgment." (quoting *Balla v. Idaho State Bd. of Corr.*, 869

23 (1986); *see also Beech Aircraft Corp. v. United States*, 51 F.3d 834, 840 & n.7 (9th Cir. 1995) (affirming judgment for defendant because trial court's findings that plaintiffs failed to prove essential elements of their negligence claim were not clearly erroneous).

Because of Trustee's failure of proof on the damages element, we do not need to examine the court's determination that Castaneda was contractually obligated to the debtor to make the monthly mortgage payments, or whether a default of such obligation warranted the sale of the Property under the Martial Settlement. Our consideration of these issues would not affect or alter the relief awarded by the bankruptcy court. Accordingly, the portion of Castaneda's appeal challenging these issues is moot.[7]

We are aware that the potential preclusive effect of an adverse collateral ruling can sometimes afford an otherwise prevailing party with standing to appeal. *Env't Prot. Info. Ctr., Inc.*, 257 F.3d at 1076. But there could be no preclusive effect here because the "Interlocutory Judgment" is not sufficiently final. *See generally Delannoy v. Woodlawn Colonial, L.P. (In re Delannoy)*, 615 B.R. 572, 586–87 (9th Cir. BAP 2020) (examining California's

---

F.2d 461, 465 (9th Cir. 1989))).

[7] Castaneda also has included arguments pertaining to Trustee's claims for turnover of the Property and for authorization to sell the Property under § 363(h). We dismiss as moot these issues as well, because Castaneda defeated these claims at trial. There is no additional relief we can provide on appeal to Castaneda on these claims either.

issue preclusion requirement of finality). Similarly, Castaneda's potential future liability for attorney's fees is not sufficiently final for review or preclusion purposes until the court enters an order on fees, determining the amount to be awarded and clarifying the basis for that award despite the denial of the breach of contract claim.

Leave to appeal the Interlocutory Judgment was given to address the issues raised under § 550(a). We find no error in the bankruptcy court's entry of the Corrected Judgment and the estate's recovery of the debtor's transferred interest in the Property. Because Castaneda prevailed on the claims litigated in the 2023 Action, no relief can be provided. The issues he raises are moot, especially given the interlocutory nature of this appeal. Accordingly, this appeal will be DISMISSED as moot.

## CONCLUSION

For the reasons set forth above, we AFFIRM the Corrected Judgment, and we DISMISS as moot the appeal from the Interlocutory Judgment.

Concurrence begins on next page.

GAN, Bankruptcy Judge, concurring.

I agree with the majority's decision to affirm the appeal of the Civil Rule 60(a) judgment. And because Castaneda prevailed on Trustee's claims for breach of contract and to sell the Property under § 363(h)—and Trustee did not appeal—I agree that the second appeal is moot. I write separately to address an apparent error in the bankruptcy court's decision which warrants further discussion.

In my view, the bankruptcy court erred by denying relief under § 363(h). That section authorizes a trustee to sell the estate's interest, and "the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety," if certain conditions are satisfied. The court concluded that § 363(h) was unavailable because Debtor did not own her interest in the Property on the petition date.

But § 363(h) does not require a debtor to have a legal title interest on the petition date. Debtor's transfer was fraudulent and avoidable. When she filed the case, she had at least an undivided equitable interest in the Property. *See Daff v. Wallace (In re Cass)*, 606 F. App'x 318, 320 (9th Cir. May 11, 2015) (holding that a debtor who fraudulently transferred real property retained an equitable interest).

The purpose of § 363(h) is to enhance not restrict a trustee's power to collect and sell estate property. *See Zoltanski v. Brown (In re Brown)*, 33 B.R.

1

219, 222 (Bankr. N.D. Ohio 1983) (citing legislative history of § 363(h)). Virtually every bankruptcy court confronting the issue has held that, where a prepetition fraudulent transfer has been avoided, the debtor had an interest in property "at the time of the commencement of the case." *See Weinman v. Feshaye (In re Sbahtu)*, Case No. 22-14103 TBM, 2024 WL 206342, at *16 n.68 (Bankr. D. Colo. Jan. 18, 2024) (collecting cases). Besides the present case, I am unaware of any decision in which a court denied relief under § 363(h) after the estate recovered a fraudulently transferred joint ownership interest. *See also id.* ("Against the wealth of precedent, the Court has located no authority barring Section 363(h) sales of property avoided and recovered post-petition as fraudulent transfers.")

The consensus view—that § 363(h) applies where the estate recovers a fraudulently transferred joint interest—is aligned with the purpose of § 363(h). But the contrary view encourages debtors to fraudulently transfer jointly owned interests to curb a trustee's ability to utilize § 363(h). Had Trustee appealed the bankruptcy court's denial of the claim to sell the Property under § 363(h), I would have reversed.

The bankruptcy court also erred by ruling that the second adversary proceeding was "subject to further developments regarding performance of the [Marital Settlement]." The judgment resolved all of Trustee's claims; it should be considered final. Section 363(b) authorizes a trustee to sell only property of the estate. Debtor's transferred interest in the Property was recovered for the estate pursuant to § 550(a), and Trustee may seek

approval to sell that interest under § 363(b). But Castaneda retained his interest in the Property and there is nothing in the Code or the Marital Settlement that could cause his interest to become property of the estate.

The Marital Settlement was made in anticipation of a divorce, which never occurred. If it had been incorporated into a dissolution order, that order would have governed the division of property. Presumably, such an order would have included a requirement for Castaneda to "buy out" Debtor's interest or to sell the Property and split the proceeds. But standing alone, the Marital Settlement provides no mechanism by which Debtor, or the estate, could acquire Castaneda's interest or force a sale of the Property absent his consent. If Castaneda stops paying the mortgage, the Marital Settlement provides at best a right of indemnification—a right which became meaningless after Debtor's personal liability was discharged in the bankruptcy. Thus, Castaneda's failure to perform under the terms of the Marital Settlement cannot result in an award of damages to the estate and it cannot form the basis for the estate to acquire Castaneda's interest in the Property or compel a sale.

I question whether the Marital Settlement is an enforceable contract, and if so, whether it is executory and deemed rejected. Regardless, if Castaneda had clearly argued that the Marital Settlement was not valid or enforceable by the estate, I would have reversed that portion of the decision.